UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JEFFERY POWELL,                     )
                                    )
        Plaintiff,                  )        No. 6:17-CV-122-REW-HAI
                                    )
v.                                  )
                                    )
DAVID FUGATE *et al.*,              )        RECOMMENDED DISPOSITION
                                    )
        Defendants.                 )
                                    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On April 3, 2018, Plaintiff Jeffery Powell filed a motion for "stipulations" or alternative motion for leave to file late amended complaint. D.E. 72. Plaintiff seeks to amend his complaint to include four claims against existing Defendants Tony Smith and Carlow Young for assault, battery, abuse of process, and violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983. *Id.* First, Plaintiff requests that the Court "stipulate" that the original complaint included those causes of action. Alternatively, Plaintiff requests leave to file an amended complaint. *Id.* at 2. In support of both arguments, Plaintiff argues that the facts alleged in the original complaint "clearly make a case for" assault, battery, abuse of process and violation of Plaintiff's Fourteenth Amendment rights under § 1983, Defendants would not be prejudiced because the substantive facts would not change, and any limitations period would be tolled. *Id.* at 1-2. Defendants David Fugate, Kentucky River Regional Jail Authority ("Jail Authority"), Tony Smith, and Carlow Young respond that they "would be prejudiced by the unreasonable delay in the filing of an amended complaint at this late stage in litigation." D.E. 75 at 5. Fully

briefed, the motion is ripe for review.  For the reasons that follow, the Court recommends denial of the motion.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2017, Plaintiff filed a complaint in Perry Circuit Court against: (1) the Jail Authority; (2) Fugate, individually and in his official capacity as the Kentucky River Regional Jail Director; (3) Young, individually and in his official capacity as the Kentucky River Regional Jail Deputy Jailer; and (4) Smith, individually and in his official capacity as Kentucky River Regional Jail Deputy Jailer.  D.E. 1-1.

The original complaint alleges the following.  Plaintiff was arrested for driving under the influence and taken to the Jail after a car accident on or about October 13, 2016.  *Id*. at 4.  As he was being booked into the Jail, Smith began to "yell and verbally abuse" Plaintiff "with the intent to cause fear and intimidation."  *Id*.  Then, Smith put him in a chair and began to mace him.  *Id*.  Several minutes later, as Plaintiff "sat calmly in his chair[,]" Smith and Young approached Plaintiff and began to restrain him.  *Id*.  "At all times during the events in this Complaint, the Plaintiff did not pose a danger to the Defendants."  *Id*. at 5.  As Plaintiff remained in the chair with his left arm restrained, Defendant Young held down Plaintiff's right arm as Smith punched him in the head "at least twice" and strangled him until another employee pulled Smith off.  *Id*. at 5.  Plaintiff blacked out immediately afterward and awoke still restrained in the chair.  *Id*.  He began to verbally protest, and "[i]ncensed by the Plaintiff's protestations" Smith

---

[1] Courts differ as to whether a Magistrate Judge must address the denial of leave to amend a pleading as a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) or a non-dispositive matter subject to issuance of an order under 28 U.S.C. § 636(b)(1)(A).  *Compare Evans v. Professional Transp. Inc.*, No. 1:12-CV-202, 2014 WL 1908808, at *1 n.1 (E.D. Tenn. May 13, 2014) *with Beckman Coulter, Inc. v. U.S. Worldwide Logistics, Inc.*, Civil Action No. 13-89-DLB-JGW, 2015 WL 12978824, at *1 n.1 (E.D. Ky. Feb. 20, 2015).  Because the parties raise and undersigned addresses futility based upon statute of limitations grounds, this decision is issued as a Recommended Disposition pursuant to 28 U.S.C. 636(b)(1)(B) to preserve the parties right to *de novo* review by District Judge Wier.  Even though the undersigned finds no limitations bar, the Court believes a ruling on such a potentially dispositive issues warrants the procedural protections of 28 U.S.C. § 636(b)(1)(B).

and Young tased and maced him. *Id*. Without providing medical care, Smith and Young took Plaintiff to an isolation cell, where he remained for approximately three days. *Id*.

The next day, Plaintiff fainted and blacked out in the isolation cell "where he believes his head struck the floor." *Id*. Eventually, Plaintiff was taken by an employee of the Jail Authority to a nurse at the Jail who told him he "probably had a concussion." *Id*. at 5. Three or four hours later, another employee of the Jail Authority took Plaintiff to the local hospital for diagnostics and examination. *Id*. at 5-6. Once he returned to the Jail, a man believed to be a medical provider from Kentucky River Community Care examined Plaintiff and recommended that he be kept in isolation due to depression. *Id*. at 6. While Plaintiff was in isolation, employees of the Jail Authority entered his cell and began to drug test inmates by having them urinate less than a foot from Plaintiff's head. *Id*. After Plaintiff protested, one of the employees "dragged him out of the cell and made him stand against a wall where he inquired of Plaintiff, 'You gonna let me do my work, boy?'" and threatened him by stating that he would "give [Plaintiff] a reason to go to the hospital." *Id*. Although Plaintiff requested a grievance form, Fugate denied the request. *Id*.

Plaintiff's theory continues that "at the request of . . . Fugate," Young and Smith resigned from their employment with the Jail Authority. *Id*. at 6. Then, under the direction of Fugate, Young and Smith alleged that Plaintiff assaulted them. *Id*. at 6-7. Defendants Smith and Fugate made the allegations under oath twice, first in a sworn affidavit and then at the preliminary hearing. Despite no visible assault by Plaintiff on the video introduced at his preliminary hearing, Plaintiff was subsequently charged with third-degree assault, a felony under Kentucky law. *Id*. "These allegations by David Fugate and Tony Smith were untrue fabrications made for the purpose of deterring the Plaintiff from bringing any legal action against the Authority or its

3

employees." *Id.* at 7.  Defendant Fugate subsequently resigned as the director of the Jail Authority. *Id.*

Under a section titled "Allegations against the Defendants," the original complaint pleads a claim under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and state law claims of negligent hiring, negligent supervision, negligent retention, and abuse of process against the Jail Authority and Fugate. *Id.* at 8.  The original complaint asserts a state law claim for intentional infliction of emotional distress against the Jail Authority, Fugate, Young, and Smith. *Id.*  The Jail Authority moved to dismiss, or, alternatively, for an extension of time to respond on April 19, 2017 (D.E. 1-2), and the Perry Circuit Court denied the motion to dismiss and granted the extension of time to respond (D.E. 1-3).  The action was removed to this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 on May 10, 2017 (D.E. 1), and Fugate, Smith, and Young filed an answer on June 29, 2017 (D.E. 9).

District Judge Bunning entered a scheduling order on June 30, 2017, that set out deadlines pursuant to the parties' Rule 26(f) Planning Report.  D.E. 11.  Per the scheduling order, the parties were required to file any motions to join parties or amend the pleadings on or before October 13, 2017, to complete fact discovery on or before January 15, 2018, to complete expert discovery on or before January 31, 2018, and to file any dispositive motions on or before March 1, 2018.  *Id.*  The scheduling order did not provide a date setting the case for trial.  Plaintiffs moved for an extension of time to complete discovery.  D.E. 36.  The Court extended the fact discovery deadline until February 12, 2018, "for the limited purpose of deposing Tony Smith and Robert Fannin[,]" the expert discovery deadline until March 16, 2018, and the dispositive motions deadline until March 16, 2018.  D.E. 48.

4

On March 13, 2018, prior to the dispositive motions deadline, Defendants filed a motion for summary judgment, which is pending before the presiding District Judge. D.E. 63. On April 3, 2018, Plaintiff responded to Defendants' motion for summary judgment (D.E. 70) and filed the motion for stipulations or alternative motion for leave to file a late amended complaint currently under consideration (D.E. 72).

## ANALYSIS

### I. Pleading Standard to be Applied and Motion for Stipulations

In the motion, Plaintiff argues that the Court should apply the notice pleading standard adopted by Kentucky state courts. D.E. 72 at 1. In a notice pleading state, a plaintiff is required to notify parties of general issues in a case. *Pete v. Anderson*, 413 S.W.3d 291, 301 (Ky. 2013) ("Kentucky is a notice pleading jurisdiction, where the 'central purpose of pleadings remains notice of claims and defenses.'") (quoting *Hoke v. Cullinan,* 914 S.W.2d 335, 339 (Ky. 1995)). Plaintiff then argues that the original complaint satisfies this standard and that the facts alleged "clearly make a case for" claims of assault, battery, abuse of process, and a claim under § 1983 for violations of Plaintiff's constitutional rights. D.E. 72 at 1-2. Although unclear, Plaintiff's request for a "stipulation" apparently seeks a declaration from the Court that the original complaint already asserts various claims under the notice pleading standard.

Defendants argue that the federal pleading standard governs and that under Federal Rule of Civil Procedure 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the complaint is required to provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" D.E. 75 at 2 (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

5

The standard set forth in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to cases removed from state court to federal court, even when the complaint alleges state law claims or when the state pleading standard is more lenient. *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 815 (E.D. Ky. 2014) (listing cases); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). This standard requires that a "complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Therefore, the federal pleading standard applies to Plaintiff's complaint.

The motion does not explain how this standard is met or should be applied to the original complaint. No guidance or authority is provided as to what is meant by the "stipulation" sought or the impact such relief would have on the case. The Court finds that the original complaint fails to meet the federal pleading standard. It specifies numerous claims, but does not contain a short and plain statement showing that Plaintiff is entitled to relief on the purported assault, battery, abuse of process, or § 1983 claims. Therefore, the undersigned recommends that Plaintiff's requested interpretation (or "stipulation") be denied, leaving only the request to late-file an amended complaint for the Court's consideration.

## II. Good Cause Under Rule 16

Federal Rule of Civil Procedure 15 governs amending pleadings. This Rule permits an amendment as a matter of course in two situations. First, a party may amend its pleading once within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Second, a party may amend

its pleading once within twenty-one days after service of a responsive pleading, if the pleading is one to which a responsive pleading is required, or twenty-one days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff does not seek to amend his pleading under the "matter of course" provisions of Rule 15, and Defendants oppose the amendment, so he must obtain leave from the Court before amending his complaint.

The scheduling order entered in this case imposed a deadline of October 13, 2017, by which the parties were required to file a motion to join parties or amend the pleadings.  D.E. 11.  This deadline was formulated pursuant to the parties' joint report of their Rule 26(f) planning meeting.  D.E. 10 at 2 ("The parties should be allowed until October 13, 2017, to join additional parties or to amend the pleadings.").  No party filed a motion to extend this deadline.  Therefore, because the scheduling order's deadline has passed, "[P]laintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see, e.g.*, *Carrizo (Utica) LLC v. City of Girard, Ohio,* 661 F. App'x 364, 367 (6th Cir. 2016) ("Consequently, notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must meet Rule 16's good-cause standard in order for the district court to amend the scheduling order.");  *Salyers v. City of Portsmouth*, 534 F. App'x 454, 461 (6th Cir. 2013) (denying due to lack of good cause under Rule 16(b)(4) and stating, "Plaintiff knew of the facts and law undergirding this proposed amendment long before the district court's deadline for amending pleadings. Still, he filed the

oral motion to amend at the final pretrial conference, nearly a year after the court's scheduled deadline, and well after summary judgment briefing.").

Defendants argue that Plaintiff has not established good cause because he failed to seek leave to amend before the deadline set out in the scheduling order, and, therefore the Court should deny the motion. D.E. 75 at 3. Plaintiff argues that allowing an amendment is within the Court's discretion under both Rule 15 and Rule 16, so the distinction between the standards is illusory. D.E. 77 at 6. The Rules and *Leary*, *Carrizo*, and *Salyers* direct otherwise. Plaintiff must show good cause for his failure to seek leave to amend the scheduling order before the Court will proceed to the analysis under Rule 15.

Federal Rule of Federal Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Parties 'can demonstrate "good cause" for their failure to comply with the original schedule [ ] by showing that despite their diligence they could not meet the original deadline.'" *Carrizo*, 661 F. App'x at 367 (quoting *Leary*, 349 F.3d at 907). Although Plaintiff's motion does not directly address Rule 16's good cause requirement, it argues that "[o]nly due to error [were the claims] not explicitly stated in the complaint." D.E. 72 at 2. Plaintiff does not argue that he was diligent in complying with the Court's deadline. Further, he does not argue, let alone establish, that despite his diligence he could not meet the scheduling order's October 13, 2017, deadline to file a motion for leave to amend the complaint. Plaintiff has not established any cause, much less good cause, for his failure to timely file the motion for leave to amend the complaint. Therefore, the undersigned **RECOMMENDS** that Plaintiff's untimely motion for leave to amend the complaint (D.E. 72) be denied for failure to show good cause under Rule 16(b)(4).

### III. Amendment Under Rule 15

Even if good cause were established, Plaintiff's motion for leave to amend the complaint should be denied because Defendants would be significantly prejudiced by the amendment. The Court may grant leave to amend a pleading under Rule 15(a)(2) when "justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of the provision 'is to reinforce the principle that cases should be tried on the merits rather than on the technicalities of pleadings.'" *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The case law "manifests 'liberality in allowing amendments to a complaint.'" *Id.* (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). Although the District Court has discretion when deciding whether to allow an amendment, "[s]everal elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). There is no evidence of bad faith or repeated failure to cure deficiencies. Accordingly, the Court's analysis will focus on undue delay, lack of notice, undue prejudice, and futility of amendment based on limitations grounds.

### A. Undue Delay in Filing, Lack of Notice, and Undue Prejudice

Plaintiff filed his motion for leave to file an amended complaint nearly six months after the October 13, 2017, deadline to amend pleadings or join additional parties. *See* D.E. 11 at 1; D.E. 72. Plaintiff does not provide a reason for his delay. He states that "only due to error" were the claims not stated in the original complaint and that "Plaintiff was only made aware of the

Complaint's deficiencies upon the filing of the Defendants' Motion for Summary Judgment." D.E. 72 at 2; D.E. 77 at 3. Defendants argue that, "[a]mending the complaint at this stage would create significant prejudice and increased expense to the Defendants in having to reopen discovery and prepare a defense." D.E. 75 at 5. Additionally, Defendants assert that "[P]laintiff's complaint lack[s] any statement of the claims for assault and battery, and as such the Defendants were not given any notice of the claims which the Plaintiff is now trying to assert." *Id*. at 2-3.

Undue delay, lack of notice to the opposing party, and undue prejudice are interrelated factors. Delay alone, without a showing of prejudice to the opponent, is not enough to deny an amendment. *Moore*, 790 F.2d at 560 (quoting *Mercantile Tr. Co. Nat'l Ass'n v. Inland Marine Prod.*, 542 F.2d 1010, 1012 (8th Cir. 1976) for the proposition that "courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party."); *Duggins v. Steak N' Shake, Inc.*, 195 F.3d 828,834 (6th Cir. 1999) ("To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'") (quoting *Moore*, 790 F.2d at 562). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman*, 486 F.2d at 484. Defendants challenging the amendment must demonstrate real prejudice. *Id*. (rejecting defendants' claim of prejudice without showing of delay that would result, aside from the time required to prepare an answer, or that evidence relevant to the new claims was no longer available).

Whether the discovery deadline has passed and whether a motion for summary judgment has been filed are two factors the Sixth Circuit has used to determine whether prejudice would result from allowing the amendment. In *Janikowski*, the Sixth Circuit held that the district court

10

abused its discretion in denying a motion for leave to file an amended complaint because "there is simply no showing of prejudice to [the defendant] sufficient to preclude plaintiff from introducing [the claims brought in the amended complaint]." *Janikowski*, 823 F.2d at 952. Although the plaintiff moved for leave to amend after the defendant had filed a motion for summary judgment, the court noted that the discovery deadline had not passed. *Id*. ("Although prejudice has been found in cases where the motion for leave to amend was filed after completion of discovery, no such fact pattern is present here.") (internal citations omitted). The Court in *Duggins* upheld the denial of a motion to amend the complaint when the discovery deadline had passed, the dispositive motions deadline had passed, and a motion for summary judgment had been filed on the basis that the plaintiff's undue delay caused undue prejudice to the defendant. *Duggins*, 195 F.3d at 834. "The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint. There appears to be no justification for the delay, and the plaintiff proposes none." *Id*. The court noted that "[a]t least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." *Id*.; *see also Salyers*, 534 F. App'x at 461 ("[A] party prejudices his opponent by missing the trial court's scheduled deadlines and waiting until after summary judgment motions are filed before introducing entirely new legal theories.")

Additionally, whether notice was provided by the original complaint is another factor the Sixth Circuit has used to determine whether prejudice would result from an amendment. In *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016), the plaintiff filed a motion for leave to file a second amended complaint to add a deliberate indifference claim after the defendants filed a motion for summary judgment. The district court rejected the defendant's prejudice argument,

and the Sixth Circuit affirmed, because, although the plaintiff did not formally plead a deliberate indifference claim, the claim was included in the facts section of both the initial complaint and the first amended complaint. *Id*. at 443. The Court did not require Plaintiff to state the exact elements of the deliberate indifference claim, it was sufficient that Plaintiff alleged "the officers 'acted . . . with deliberate indifference to the rights and safety of [the plaintiff] when they interacted with him." *Id*. The Court found that this statement "appears to have put defendants on notice" because "in their motion for summary judgment, defendants acknowledged that plaintiff would likely argue that the officers were deliberately indifferent to [the plaintiff's] medical needs." *Id*.

However, the Sixth Circuit has found undue prejudice when the plaintiff files a motion for leave to amend after discovery has closed and a motion for summary judgment has been filed despite recognizing that the original complaint alleged facts that would support the claims brought in the amended complaint. In *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989), the Sixth Circuit upheld the district court's denial of a motion to amend where the plaintiff sought leave to file an amended complaint without seeking an extension or providing an explanation "based on precisely the same facts but asserting new theories of recovery" nearly fifteen months after filing the original complaint, after discovery closed, and after motions for summary judgment had been filed. "In complex cases such as this one, it is particularly important that the district court be allowed to enforce deadlines—and it is particularly likely that drastic amendments on the eve of trial will prejudice the defendants." *Id*. at 447. The Court explained that "[p]utting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'" *Id*. In *Duggins*, the court similarly upheld the denial of a motion for leave to

amend even though the district court "did not deny that the complaint might allege the underlying facts of [the claim sought to be added by the amended complaint]" because the claims were "quite different" and "[a]llowing amendment at this late stage in the litigation would create significant prejudice to defendants in having to reopen discovery and prepare a defense." *Duggins*, 195 F.3d at 834.

Here, Plaintiff's original complaint arguably put Defendants on notice of the battery, assault, abuse of process, and § 1983 claims asserted in his amended complaint, although the Plaintiff failed to formally specify those claims. Kentucky law defines a battery as "any unlawful touching of the person of another, either by the aggressor, or by any substance set in motion by him or her." *Modern Holdings, LLC v. Corning, Inc.*, No. 13-405-GFVT, 2015 WL 1481457, at *10 (E.D. Ky. Mar. 31, 2015) (quoting *Powell v. Tosh*, 929 F. Supp. 2d 691, 707 (W.D. Ky. 2013)). The original complaint alleges that "[w]hile Carlo Young held down the Plaintiff's right arm and while the Plaintiff's left arm was still restrained, Defendant Tony Smith proceeded to punch the defenseless Plaintiff in the head at least twice." D.E. 1-1 at 5. It further alleges "Defendant Tony Smith then continued to strangle the Plaintiff while both of the Plaintiff's arms were still restrained. *Id.* Finally, Plaintiff claims "Tony Smith and Carlo Young proceeded to taser and mace the Plaintiff while both of his arms were still restrained . . . ." *Id.* These allegations put Defendants on notice of potential battery claims.

The same is true as to an assault claim. To successfully plead an assault claim, "Plaintiff must allege (1) 'a willful threat,' or (2) an attempted offensive touching that reasonably places another 'in fear of such contact.'" *Snyder v. United States*, 590 F. App'x 505, 511 (6th Cir. 2014) (quoting *Vasquez–Palafox*, 2013 U.S. Dist. LEXIS 51626, at *7 (N.D. Ohio April 10, 2013)). Plaintiff's original complaint alleges that "Tony Smith began to yell and verbally abuse

13

the Plaintiff with the intent to cause fear and intimidation." D.E. 1-1 at 4. These allegations very slightly put Defendants on notice of potential assault claims.

Under Kentucky law, the tort of abuse of process requires the "use[ ] [of] a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed." *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 113 (Ky. 2010) (citing Restatement (Second of Torts § 682 (1977)). Plaintiff's original complaint alleged that "[u]nder the direction of Defendant David Fugate, Defendants Carlo Young and Tony Smith alleged that the Plaintiff had assaulted them[,]" that "Plaintiff was subsequently charged with Third Degree Assault," and that "[t]hese allegations by David Fugate and Tony Smith were untrue fabrications made for the purpose of deterring the Plaintiff from bringing any legal action against the Authority or its employees." D.E. 1-1 at 6-7. Defendants were on notice of potential abuse of process claims.

Finally, Defendants Young and Smith were on notice of potential § 1983 claims. This is evidenced by the reference to the claim throughout Defendants' motion for summary judgment. *See* D.E. 63-1 at 16 ("Had claims been made against Defendants Young and Smith under the Fourteenth Amendment . . . any force utilized was reasonable under the circumstances."); *id.* at 18 ("However, even if [Plaintiff had asserted a constitutional claim against Smith or Young], all Defendants in their individual capacities are entitled to qualified immunity under § 1983 for their use of force against Mr. Powell as their actions were objectively reasonable under the undisputed facts of record."); *id.* at 20 ("There are no allegations that Defendants Smith nor Young violated [Plaintiff's] civil rights. However, had the allegation been made . . . the evidence indicates that . . .Tony Smith at no time maced the Plaintiff and that no one maced the Plaintiff as he sat in a chair."); *Id.* ("The force utilized was proper and consistent with Defendant Young's training.").

The original complaint provided Defendants Young and Smith with notice of potential battery, assault, abuse of process, and § 1983 claims against them. Therefore, any prejudice caused by the filing of an amended complaint is lessened by the notice provided by the original complaint.

While Defendants were on notice of the potential claims against Defendants Smith and Young, the substantial prejudice resulting from such an untimely amendment and the failure to explain the delay in seeking leave to amend weigh in favor of denial. Plaintiff waited thirteen months after he filed the original complaint, five months after the deadline to amend pleadings passed, two and a half months after fact discovery closed, and three weeks after Defendants filed their motion for summary judgment before he filed the motion for leave to amend. Although no pretrial conference or trial is scheduled yet (D.E. 11), allowing amendment at this stage of the litigation would cause significant prejudice to Defendants because they would be forced to bear the costs associated with reopening discovery and defending multiple new claims. Moreover, finality with respect to the existing claims would be postponed. Finally, Plaintiff has provided no reason or excuse to explain his delay in filing the motion. There is no evidence that discovery led to previously unknown facts or that delay was caused by Defendants, and Plaintiff has not argued as such. Accordingly, these factors weigh in favor of denial.

### B. Futility

The final factor, futility, focuses on whether the amendment can "withstand a Rule 12(b)(6) motion to dismiss." *Shane v. Bunzi Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). A complaint will not survive a Rule 12(b)(6) motion to dismiss, if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The amended complaint seeks to add

state law claims of battery, assault, abuse of process, and a federal claim under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights under the Fourteenth Amendment against Defendants Young and Smith.  D.E. 72-1 at 1.  If the claims sought to be added by Plaintiff's amended complaint cannot withstand a motion to dismiss under 12(b)(6), then the amendment is futile and leave should be denied.

In order to survive a motion to dismiss under Rule 12(b)(6), the claim must satisfy the applicable statute of limitations.  Plaintiff argues that "any statute of limitations would be [tolled] by the filing of the Plaintiff's original complaint as the causes of action sought to be [added via the amendment] stem from the exact same set of facts and events alleged in the Plaintiff's complaint."  D.E. 72 at 2.  Defendants argue that "these new claims are time barred."  D.E. 75 at 2.  These sweeping statements provide no useful guidance to the Court concerning the complicated limitations analysis that applies.

Kentucky's statutes of limitations govern the state law claims of assault, battery, and abuse of process.  *Hall v. City of Williamsburg, Kentucky*, No. 6:16-304-DCR, 2017 WL 3668113, *5 (E.D. Ky. Aug. 24, 2017).  Under Kentucky law, these claims are governed by a one-year statute of limitations.  KY. REV. STAT. ANN. § 413.140(1)(a) (assault and battery); *Kendall v. Godbey*, 537 S.W.3d 326, 335 (Ky. Ct. App. 2017) ("The statute of limitations for personal injury, negligence, and intentional torts is governed by the one-year statute of limitations."); *Hall*, 2017 WL 3668113, at *5-6 (abuse of process).  Plaintiff does not claim that any of his injuries are latent.  Therefore, the assault and battery claims accrued when the injury occurred, or on October 13, 2016.  *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. 2010) ("Kentucky law is clear that, absent a latent injury, the statute of limitations begins to run on the date the injury is inflicted even where the injury is slight initially and its full

16

extent is not known until years later."). Plaintiff alleges that the assault and battery occurred on October 13, 2016. D.E. 1-1 at 4. Therefore, the limitations period expired on October 13, 2017. Plaintiff sought leave to file his amended complaint on April 3, 2018, 173 days after the expiration of the statute of limitations period for his proposed state law assault and battery claims. *See* D.E. 72-1.

A cause of action for an abuse of process claim accrues "at the time the conduct complained of by the plaintiff occurred, not at the termination of the underlying litigation." *DeMoisey v. Ostermiller*, No. 2014-CA-001827-MR, 2016 WL 2609321, at *14 (Ky. Ct. App. May 6, 2016). Plaintiff does not provide any dates connected to the abuse of process claim. Any events supporting the accrual of Plaintiff's abuse of process claim necessarily occurred prior to the date Plaintiff filed his original complaint, or March 20, 2017. *See* D.E. 1-1. This is certainly the latest possible accrual date for Plaintiff's proposed abuse of process claim. The limitations period for the proposed abuse of process claim expired, at the latest, on March 20, 2018. Plaintiff sought leave to file his amended complaint on April 3, 2018, fifteen days after the limitations period expired. *See* D.E. 72.

The limitations period for Plaintiff's § 1983 claim has also expired. Although § 1983 provides a federal cause of action, federal law looks to the law of the state in which the cause of action arose. *Hoskins v. Knox County, Kentucky*, No. 17-84-DLB-HAI, 2018 WL 1352163, at *10 (E.D. Ky. March 15, 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)) (internal quotation marks omitted). This includes the statute of limitations. *Id*. "Thus, in Kentucky, § 1983 actions are subject to the one-year statute of limitations [for personal injury torts] set forth in Ky. Rev. Stat. Ann. § 413.140(1)(a)." *Id*. (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). However, federal law, instead of state law, governs when a

17

§ 1983 claim accrues.  *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

"[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the

injury which is the basis of his action and that a plaintiff has reason to know of his injury when

he should have discovered it through the exercise of reasonable diligence." *Id.* (citing *Sevier v.

Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).  Plaintiff knew of the injury that formed the basis of

his § 1983 action between October 13, 2016, and October 16, 2016 – the date range Plaintiff

alleges Defendants deprived him of medical care and violated his rights under the Fourteenth

Amendment.  *See* D.E. 1-1 at 5.  Therefore, the limitations period expired on October 16, 2017 –

170 days prior to the filing of Plaintiff's motion for leave to file his amended complaint.  *See*

D.E. 72-1.

Unless each of his claims relate back, they will be barred by the one-year limitations

period and leave to amend the complaint would be futile.  According to Rule 15(c), "an

amendment to a pleading relates back to the date of the original pleading when . . . the

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set

out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1).  The rule is

based on the idea that, once litigation has been instituted, "the parties are not entitled to the

protection of the statute of limitations against the later assertion by amendment of defenses or

claims that arise out of the same conduct, transaction, or occurrence as set forth in the original

pleading." *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000) (quoting

*Brown v. Shaner*, 172 F.3d 927, 232 (6th Cir. 1999)).  Additionally if the claims seek to plead

with greater specificity the claims pled in the original complaint, they should relate back.  *Id.*

(citing 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.19[2], at 15–82 (3d ed.

1999)).  Therefore, amended pleadings that seek to add a new legal theory will relate back as

long as the theory arises out of the same transaction or occurrence. *Id*. Another related factor the court may consider is whether the original complaint provided Defendant with notice of the claim. "There is no reason to apply a statute of limitations when . . . the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it [based on the transaction or occurrence set out in the original complaint]." *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 581 (1945).

Here, the assault, battery, abuse of process, and § 1983 claims arose from the same transaction or occurrence as the claims pleaded in the original complaint – the alleged treatment of Plaintiff by Defendants Smith and Young on October 13, 2016. The amended complaint does not seek to add additional parties. Instead, it seeks to add four claims against Defendants Young and Smith, two of which were not previously included in the original complaint – assault and battery – and two of which were included in the original complaint, but only against Defendants Fugate and the Authority. *Compare* D.E. 1-1 *with* D.E. 72-1 at 1. However, all of the claims arose from the same transaction or occurrence and, as discussed in the previous section, Defendants had notice of the potential claims. Defendants are not entitled to the protection of the statute of limitations on these claims.[2]

---

[2] To survive a futility analysis, and therefore a Rule 12(b)(6) analysis, the claims must also "allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn*, 737 F.3d at 387 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is less than a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555). The parties' briefing focuses only upon futility due to statute of limitations issues and therefore does not fairly call for undertaking these aspects of a Rule 12(b)(6) analysis.

### C. Conclusion as to Rule 15 Analysis

Based on the analysis above, Defendants' contention that the proposed claims are time-barred is incorrect. In turn, futility does not favor denying Plaintiff leave to amend. But, in the Court's view, the delay and prejudice factors dominate the analysis under Rule 15 and compel the conclusion that leave to amend should be denied.

## CONCLUSION

Plaintiff's motion for stipulations or alternative motion for leave to file a late amended complaint (D.E. 72) should be denied. First, as to the request for "stipulations" the original complaint does not satisfy Rule 8(a)(2) because it does not state "a short a plain statement of the claim showing that the pleader is entitled to relief" regarding the assault, battery, abuse of process, and § 1983 claims against Defendants Young and Smith. Fed. R. Civ. P. 8(a)(2). Second, the motion is untimely and Plaintiff fails to provide good cause under Rule 16(b)(4) for his delay. Third, as described above, the Rule 15 factors favor denying leave to amend. For these reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for stipulations or alternative motion for leave to file late amended complaint (D.E. 72) be **DENIED.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 27th day of June, 2018.

Signed By:

_**Hanly A. Ingram**_

**United States Magistrate Judge**