UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JEFFERY POWELL,                )
                               )
    Plaintiff,                 )
                               )   No. 6:17-CV-122-REW-HAI
v.                             )
                               )   OPINION AND ORDER
DAVID FUGATE, et al.,          )
                               )
    Defendants.                )

\*\*\* \*\*\* \*\*\* \*\*\*

The Court has carefully reviewed all pending filings on the status of the pleadings and potential amendment. DE ##72, 74, 77 (Motion, Response, Reply); 85 (Recommended Disposition); 87, 88, 89 (Objections, Response, Reply). For the reasons that follow, the Court will adopt in part and reject in part the Recommended Disposition.

## I. Relevant Facts

In a case centering on alleged jail violence, Powell realized late that his Complaint had a serious flaw; it omitted certain specific claims against certain named Defendants. Although Powell included a host of factual assertions against Defendants Smith and Young, in the claim enumeration, he did not explicitly include either within particular theories. Plaintiff sought to remove the flaw by clarification or to correct it by amendment, thus making complete the intended claim roster. *See* DE #72. Full briefing ensued. The corrective effort by Plaintiff comes many months after the amendment deadline, and it also follows summary judgment briefing and the end of discovery. Indeed, Defendants' timely summary judgment motion is what alerted Plaintiff to the Complaint's deficiencies. *See, e.g.*, DE #87 at 4.

United States Magistrate Judge Ingram, on referral from District Judge Bunning (then presiding), recommended against relief. DE #85. In a typically thorough and scholarly opinion, Judge Ingram determined that Powell had failed to include against Defendants Smith and Young claims for excessive force, abuse of process and assault/battery. He then applied both Rule 15 and Rule 16(b) to assess the propriety of amendment, ultimately denying for lack of demonstrated good cause and due to prejudice against the defense. Objection briefing followed. The Court applies Rule 72(b)(2)-(3) to the objections, which are sufficiently specific to challenge both prongs of the amendment analysis.[1]

The Court has fully assessed the entire record and defers to Judge Ingram's accurate discussion (*see* DE #85 at 2–5) of the Complaint content. That pleading painted a detailed factual picture as to alleged acts of Defendants Smith and Young, but it formally included them only in the claim alleging intentional infliction of emotional distress. Plaintiff calls this an error or

---

[1] This Court reviews *de novo* those parts of Judge Ingram's recommendation subject to proper objection. 28 U.S.C. § 636(b)(1). To merit *de novo* review, objections must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); Fed. R. Civ. P. 72(b)(2)-(3). "A specific objection 'explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic.'" *United States v. Wigginton*, No. 15-cr-5-GFVT-HAI, 2015 WL 8492457, at *2 (E.D. Ky. Dec. 10, 2015) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)). Contending lack of specificity in Powell's objections, Defendants urge the Court to decline review. DE #88 at 3. But, while the contours of Powell's challenges to the recommendation are somewhat amorphous, the issues that underly his objections are plainly ascertainable.

In arguing presence of good cause for amendment and lack of prejudice to Defendants, *see, e.g.*, DE #87 at 4, Powell demonstrates his specific objections to Judge Ingram's contrary findings. The objections are sufficient to "focus attention on those issues . . . that are at the heart of the parties' dispute[.]" *Thomas v. Arn*, 106 S. Ct. 466, 471 (1985). Consequently, the Court reviews the issues Powell raises *de novo* but focuses on only those objections properly identified for consideration. *See Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (declining to address improperly preserved objections to recommendation).

oversight by counsel, seeking to remedy the problem via amendment. Should the Court grant relief from the error at this late stage?

## II. Discussion

The question puts this case in the overlap of three Rules: 15, 16(b), and 6(b). Rule 15 certainly favors free amendment and is a pro-merits mechanism. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (noting Rule 15's "liberality in allowing amendments to a complaint"); *see also Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (quoting *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)) ("The thrust of the provision 'is to reinforce the principle that cases should be tried on the merits rather than on the technicalities of pleadings.'"). When justice requires amendment, a court is to freely give it. However, cases and courthouses run on schedules, and orderly progression of litigation under a defined calendar helps the parties, the public, and the courts reach timely and efficient results through a predictable system. Thus, with party input, the Court constructs a schedule in every case and expects party compliance. See Fed. R. Civ. P. 16(b)(1) (requiring a judge to issue a scheduling order "*after* receiving the parties' [26(f)] report" or "*after* consulting with the parties' attorneys") (emphasis added); *Williams v. Chattanooga Area Regional Trasp. Auth.*, 64 F.3d 644 (Table), No. 94-6372, 1995 WL 496723, at *1 (6th Cir. Aug. 18, 1995) (upholding sanctions for failure to comply with scheduling order).

Litigation is alive, so the schedule sometimes changes. Rule 16 accounts for this. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, for good cause, a party encountering a deadline can seek relief—a common event. Good cause is a flexible concept; an assessing court looks for adequate justification in the context of the particular request. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock*

*Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). But, "[a]nother important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

The third rule—appearing for the first time in this drama—is Rule 6(b). This rule is the primary determinant for a post-deadline relief request. Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). That is the scenario here: the amendment deadline expired in October 2017, and Powell did not file the amendment motion until April 3, 2018. Rule 6(b) is the governing standard (although much of Rule 16's good-cause analysis crosses over).

"The Sixth Circuit has applied, and other Circuits regularly apply, Rule 6(b) when reviewing decisions to amend (or not) a case schedule." *See, e.g.*, *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 427–28 (6th Cir. 2006). The Sixth Circuit has articulated five factors relevant to considering whether the party requesting an extension failed to act within the time originally allotted due to "excusable neglect": "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 113 S. Ct. 1489, 1498 (1993)).

"The determination of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009) (quoting *Pioneer*, 113 S. Ct. at 1498). "[I]t is clear that

4

'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 113 S. Ct. at 1496. The Rule directs courts to "balance" the five *Pioneer* factors, approaching the analysis with an equitable ethos. *See Howard*, 306 F. App'x at 266.

In applying the Rule 6(b) factors to this case, the Court observes the following (sometimes conflicting) considerations:

1. Powell named only the Authority and Fugate on the claims at issue, but the factual allegations fairly included excessive force assertions against Smith and Young and abuse of process assertions against Smith. Judge Ingram actually found notice of *all* contested claims, a finding not objected to by the defense.[2]

2. Powell's lawyer drafted the Complaint and yet claims ignorance of its flaws up until the defense filed summary judgment. That is a hard sell, and counsel's righteous indignation is quite misplaced. The Complaint contains a vital mistake, and Powell should not blame the defense for strategically attacking the operative pleading in the case.[3] A truly careful lawyer polices his own pleadings, and that did not happen here. Still, is there enough in the Complaint to rationally excuse counsel for not timely perceiving and correcting the deficiencies? It is plausible, in this context, that counsel included the chief factual allegations but then, in finalizing the pleading, simply omitted reference to Smith and Young in the claims iteration.

---

[2] It interests the Court that the defense, in the original response memo opposing amendment, focused only on the absence of assault & battery in the Complaint. *See* DE #75 at 2–3. This is reflective of the summary judgment briefing.

[3] The sanction request in DE #89 is improper and unfounded. The Court rejects out of hand the idea that defense counsel had any duty to alert or notify Plaintiff of the Complaint's frailties.

3. The Court finds the prejudice argument and Judge Ingram's "substantial prejudice" finding, DE #85 at 15, overstated. The assault and battery claims would be entirely new, as would any abuse of process theory extending to Young. However, the excessive force theory for both Smith and Young, and the abuse of process factual allegations as to Smith, at least by fair inference, are integral parts of the Complaint's factual and legal terroir. Indeed, the defense included substantive argument on summary judgment as to both grounds. *See* DE #63-1 at 11, 14–16, 18, 20, and 25. Given that the players have all been deposed and that the defense was ready enough to argue the merits, the Court sees no real prejudice in entertaining those distinct theories. The defense even retained an expert that opined specifically on the absence of excessive force. *See* DE 63-7 at 4 ("In my professional opinion based on all the materials reviewed in this case, I found no evidence of excessive use of force on Supervisor's [sic] Smith nor any other of the deputies involved in this case."). If the defense planned to defend Smith and other deputies against an excessive force claim, which it obviously did, the Court should address the theory on the merits. Of course, the Court can, with minor scheduling relief, ensure the defense suffers not a whit of harm.
4. Discovery is closed, and the dispositive motion deadline has passed. However, there is no trial date. The Court doubts that allowing limited amendment would cause the need for much additional discovery or briefing, given the overlapping cast of characters and the core facts. There would be only minor, if any, scheduling impact.

Because the Court perceives no prejudice in allowing the proffered excessive force and abuse of process theories, as stated above, the first *Pioneer* factor, prejudice to the nonmovant, strongly favors amendment. The second factor, length of delay and impact on the proceedings,

also weighs in favor of amendment, as discussed above. No trial date exists, and a slight discovery/briefing window would eliminate any potential disadvantage to Defendants.[4]

The third and fourth factors—the reason for the movant's delay and whether the delay was within the movant's control—are interrelated and weigh against permitting amendment. The fifth and final factor, however, whether the movant acted in good faith, weighs in favor of permitting amendment. The original Complaint provided adequate notice of the excessive force claims against Smith and Young and the abuse of process claim against Smith, evincing Powell's intent to plead those causes of action. Powell's lawyer could honestly (if mistakenly) have thought the Complaint included more than it textually did; this seems to be the reading the defense itself operated under, as its summary judgment briefing and case management show. There is no bad faith behind the scheduling problems presented. Accordingly, on balance, and given the equitable nature of the Rule, the 6(b) factors coalesce in favor of permitting limited amendment of the Complaint.

### III. Conclusion

The Court finds that justice requires limited amendment here, despite Plaintiff's mismanagement of the amendment deadline. Finding excusable neglect stretches the concept to its limits, because Plaintiff created the very structural pleading flaw now causing the problem. Despite that, however, a fair and honest reading of the Complaint surely perceives that Powell intended to assert an excessive force claim against all of the involved actors, to include the actors accused of direct physical contact. He cites Young and Smith for specific physical abuse, which he calls "excessive" treatment. DE #1-1 ¶ 27. Further, Powell makes specific assertions against Smith relative to the abuse of process claim, that he made "untrue fabrications" in testimony for an extra-

---

[4] The Court is dubious that the defense wants or needs further discovery or briefing, but will extend the opportunity.

7

judicial purpose. *Id.* at ¶ 48. The uncorrected pleading flaw shows neglect, but the Court treats it as excusable to a limited degree.

This is so because enforcing the deadline and disallowing amendment would forfeit Plaintiff's involved claims without any assessment of the merits. Sometimes that must happen, but here, the Complaint gave notice about and colorably alleged that both Smith and Young had used excessive force. Further, Smith's involvement in the purportedly improper process abuse also emerges from a reasonable assessment of the Complaint. Thus, barring amendment would foreclose merits consideration of claims imbedded in the pleading—claims the defense is fully prepared to defend against. The fact that the defense largely briefed those issues in the summary judgment context demonstrates to the Court that it should eschew unwarranted formalism and allow limited amendment.[5]

Thus, the Court accepts in part and rejects in part the recommendation in DE #85. The Court allows amendment insofar as Powell asserts a constitutional excessive force claim against Young and Smith via § 1983. Further, the Court allows amendment as to inclusion of Smith in the abuse of process claim. Otherwise, for the reasons stated by Judge Ingram, the Court denies the amendment request. The other claims are truly new, and introduction of those claims at this stage would prejudice the defense and require a comparatively extensive schedule and briefing modification.

This is a discretionary decision. The driving factors are: (a) denying amendment would essentially terminate, without a merits decision, claims against actors accused directly of excessive

---

[5] As Plaintiff argues, the amendment to conform mechanics of Rule 15(b)(1) show the Rule's bias in favor of a merits resolution, particularly in the absence of demonstrable prejudice.

force[6] and of (Smith) abuse of process; (b) the defense at all times has been well aware of the theories and has actively defended against them (to include retention of an expert on the excessive force claim); (c) the limited amendment allowed will result in no prejudice; and (d) the case can remain essentially on the same track, despite the tardy amendment effort. For all of these reasons, and despite counsel's pleading inattention, the Court finds the requisite good cause, in this defined context, and excuses Plaintiff's default on the amendment deadline. Justice requires the amendment sought, to the extent here permitted.

Accordingly, the Court **ORDERS** as follows:

a. The Court **ADOPTS** DE #85, in part, to the extent it denies "stipulation" and recommends denial of leave to add assault and battery claims against Smith and Young, and an abuse of process claim against Young, and **REJECTS** DE #85 in all other respects.

b. The Court **GRANTS** DE #72, in part, as discussed in this opinion, and deems the Complaint amended as stated herein. The Court deems the claims denied by Defendants and deems applicable all affirmative defenses already pleaded by the defense. Thus, the Court recognizes as pleaded and pending, via amendment, excessive force claims against Smith and Young and an abuse of process claim against Smith. Defendants Young and Smith may file any additional Answer **by September 5, 2018**.

---

[6]This result would not be consistent with the Sixth Circuit cases, such as *Moore*, which favor amendment where the request is curative and fosters a merits decision, there is no surprise, and there is no prejudice from delay. The existence vel non of prejudice is an intertwined consideration with the quality of delay excuse. Here, the excuse is weak, but prejudice is wholly absent.

c. The Court doubts the need for more discovery, but opens a 30 day window for further discovery by Defendants Young and Smith. Either may take necessary discovery during that period. Plaintiff may not take further discovery.

d. Defendants shall file any supplement to the existing dispositive motion, as to the amendment grounds only, **by October 5, 2018**. Plaintiff may respond within ten (10) days thereafter; Young and Smith may reply within five (5) further days. The entire dispositive motion then shall stand submitted for decision.

This the 27th day of August, 2018.

Signed By:
*Robert E. Wier*
United States District Judge